IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ERIC GRIFFITH,<br><br>    Plaintiff,<br><br>  vs.<br><br>CATHY REDFERN, DOCTOR KOHUT,<br>SERGEANT WOHLMAN, and ALL OF<br>THE MEDICAL REVIEW BOARD<br>MEMBERS,<br><br>    Defendants. | CV 16-00020-H-DLC-JTJ<br><br>FINDINGS AND<br>RECOMMENDATIONS OF<br>UNITED STATES MAGISTRATE<br>JUDGE |

      Pursuant to prior directives from the Court, Mr. Griffith should have updated his address following his release from custody. The Court ordered Mr. Griffith to provide the Court and Defendants with a valid address for service and was specifically advised that a failure to comply with the order would result in a recommendation that this matter be dismissed for failure to comply with a court order. (Doc. 21.) Mr. Griffith did not comply with this order.

      Based upon Mr. Griffith's failure to comply with the Court's Order by failing to keep the Court and opposing counsel apprised of his current address, this

1

matter should be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure.

This Court has the inherent power to sua sponte dismiss a case for failure to comply with a court order. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962). In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). This case was filed nearly one year ago. Given Griffith's failure to update the Court and participate in the four months since his release from custody, this factor

weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Mr. Griffith refuses to comply with Court's orders. Griffith's case has consumed time that could have been spent on other cases on the docket. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F. 2d 128, 131 (9th Cir. 1987). Mr. Griffith's refusal to comply with the Court's order makes prejudice a foregone conclusion. The longer this matter sits, the more prejudice to Defendants.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such

alternatives prior to dismissal. *Id*. Mr. Griffith was made aware of his obligations to keep his contact information current. (Docs. 3, 4, 9, and 21.) The Court gave Mr. Griffith the opportunity to comply with his obligation and warned him about the consequences of not complying. Mr. Griffith has not responded to the Court's order or provided a valid address for service. The Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). Yet, in light of the other four factors favoring dismissal, the Court finds that this matter should be dismissed for Griffith's failure to comply with the Court's order.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED pursuant to Rule 41(b) fo the Federal Rules of Civil Procedure. The Clerk of Court should be directed to close this matter, enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure, and terminate all pending motions.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

4

Procedure that any appeal of this decision would not be taken in good faith.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 17th day of February 2017.

    /s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed. R. Civ. P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.